## DRAKE *v.* SHIELS *et al.*

*(Supreme Court, Special Term, New York County.  July 16, 1889.)*

SPECIFIC PERFORMANCE—SALE OF LEASE—TITLE OF VENDOR.

 A contract to buy a lease of premises known as "75 Fourth Avenue" cannot be enforced where it appears that one wall of the building in question is not on the demised premises, as the vendor's title is to that extent defective.

Action by Hetty R. Drake against Thomas Shiels and others to enforce a contract to purchase a lease.

*T. B. Wakeman,* for plaintiff.  *Emil S. Arnold,* for defendant Shiels. *Wakeman & Campbell,* for defendant Campbell.  *Henry Merckle,* for defendant Arnold.

INGRAHAM, J.   Under the stipulation upon which this case was submitted, the rights of the parties are to be determined as if this was an equitable action brought by the plaintiff herein against the defendant Shiels, to compel him to specifically perform and carry out the agreement of purchase, and, in case the court should decide that Shiels was entitled to a deduction from the purchase price, the amount should be determined by a referee, to be appointed by the court before final judgment.   The question, therefore, to be determined is whether or not the court, in an action brought by plaintiff, would have required the defendant to specifically perform the contract.   By the contract the defendant agreed to purchase, and the plaintiff agreed to sell, a certain indenture of lease of property known by the street number 75 Fourth avenue, and 75 East Tenth street, in the city of New York, together with all and singular the buildings and improvements erected upon the said property, together with all the rights of renewal, and payment for buildings, as may be contained in said lease.

The law in this state is now well settled that in all contracts of sale, including that of sale of real estate, or of a leasehold interest in real estate, the vendor impliedly warrants that he is the owner of the property, and has the right to convey, though nothing whatever is said upon the subject; and it has been held that there is in every contract for the sale of a leasehold interest an implied undertaking to make out the lessor's title to demise, as well as that of the vendor to the lease itself, which implied undertaking is available in law as well as in equity.   *Souter* v. *Drake,* 5 Barn & Adol. 992; *Burwell* v. *Jackson,* 9 N. Y. 539.   In this case, therefore, there was an implied warranty that the plaintiff had a good title to the lease of the premises known by the street number 75 Fourth avenue, and 75 East Tenth street, and that she also had a good title to all and singular the buildings and improvements located upon the said property.   It is admitted by the statement of facts that the east wall of the building known as "75 East Tenth Street" is not erected upon the leasehold premises, but that wall is entirely upon the property adjoining the leasehold premises on the east.   Plaintiff, therefore, had no title to the portion of that building.   It is the building known by the street numbers that plaintiff agreed to sell, and that building had four walls; and while the defendant might be chargeable with knowledge of the location and condition of the property, and of the fact that the wall between the buildings sold and the

buildings adjoining on the west was a party-wall, he was to have by his contract at least a half of that party-wall. An agreement to sell a building is not complied with by selling three walls thereof. The purchaser is entitled to the four walls.

I think, therefore, that in an action brought by the plaintiff the court would not have decreed specific performance of the contract against the defendant Shiels; and Shiels is therefore entitled to a judgment, under the stipulation, to recover the difference between what the lease would have been worth if the building stood on the leased premises and what it is worth in its actual condition. There are no facts before the court upon which I can ascertain whether, under all the circumstances, the lease would have been worth more to Shiels if the building had been wholly situated upon the leasehold property; and, under the agreement between the parties, there should be an interlocutory judgment appointing a referee to ascertain what, if anything, Shiels is entitled to recover. Judgment to be settled on notice.